A motion to dismiss this appeal for want of jurisdiction has been filed and the case has also been argued upon its merits, and I shall pass upon all the questions.
It is provided by Section 6407 that appeals may be taken from the probate court to the court of common pleas from any order, decision or judgment of that court in settling accounts of a guardian. A fair construction of this statute, in my opinion, authorizes an appeal from the allowance or disallowance of costs for or against a guardian or his ward as the same are 'most clearly a part of the settling of his account, and come within the plain wording of the statute in that behalf.
The next question raised is as to the correctness of the ruling of the probate court in refusing to allow the referee in this case any fees. The probate court has power to make a reference of cases pending therein by virtue of Section 6400, but it is especially provided by Section 5215 of the Revised Statutes that no reference can be made by the probate court except by consent of the parties. In this case there being no consent by the parties, the reference was without the power of the court, and therefore any expenses incurred thereby, or fees claimed by reason thereof, can not be maintained by virtue of such order of the court. It was the exercise of a jurisdiction expressly prohibited the probate court, and therefore void, and *669 no legal charge or claim could be based upon that order. In so far, therefore, as that court refused to charge the expenses thereof against the estate, that court’s action was right for two reasons:
First, that the estate having expressly objected to the reference, its' property can not now be amerced in any sum whatever by reason of the costs made thereunder.
Second, it was the duty of the former guardian to keep and present such accounts as clearly and openly showed each and every transaction. It was a part of his duty as such guardian, and for which he is duly compensated. If the guardian, therefore, had kept such accounts that the same were entangled and complicated, the costs made by reason thereof should not, in any event, be taxed against his wards or their estate.
As to the right of the referee in such case either to recover against the former guardian individually, or as to the right of the court to award the costs against said guardian as an individual, I do not find it necessary here to determine, and the same has not been argued or raised by the pleading. Costs, as such, were unknown to the common law and are purely a creature of the statute, and it is provided by statute at 5331 that in such actions as the one at bar the court may award and tax costs and apportion them between the parties as it might adjudge to be right and equitable, and that this statute is applicable to probate courts. See In re Robbs Estate, 16 Ohio St., 274.
It is claimed, however, that at the hearings before the referee in the examination of the former guardian’s accounts, the said minors, through their new guardian, appeared from time to time, and, therefore, they are now estopped from claiming that the order of reference was illegal and void, and therefore they are bound thereby the same as though the order had beefi properly and legally made. This view is clearly erroneous. It is the duty of parties to save and reserve their rights by exception and objections to any order of any court made affecting them. Having done so, it is not their duty to sulk and remain away and have nothing further to do with the proceed *670 •ings thereunder. On the contrary, in such a case as this, it was their duty, having so excepted, to abide by the ruling of the court until the proper time came to review that order. It was their plain duty and privilege to appear before the referee and see that no advantage was taken of their estate, and that all matters which were proper for them to present to the referee were so presented, and indeed to treat the order of the court as a binding and valid order until by proper proceedings it might be reversed. In other words, it is not required during the proceeding of a trial that a party decide then and there at his own risk as to whether or not each and every action of the court is right. In the ease at bar, the wards are clearly not estopped by their action in appearing before the referee.
It is further claimed in this case, however, that a master commissioner can not appeal from this order, and the case of Fiedeldey v. Diserens, 26 Ohio St., 212, is relied upon. In that ease, the court held that a master commissioner or other party entitled to have fees taxed as costs, could not prosecute error to reverse the lower court’s order, and, as a reason for this holding, the court says that to so hold “would be to hold that every officer and every witness entitled to costs in a case might prosecute proceedings in error to reverse the court’s order disallowing his claim for costs.” No other reason whatever is given except the inconvenience which might arise if the court should hold otherwise. It need not be added that such an authority upon such reasoning can not have great weight in deciding a question of this kind. This case is also made a basis of a somewhat similar decision in the ease of Wilder v. Wilder, 1 C. C. — N. S., 88, and is also cited in part as a reason for the decision in the case of Schidler v. Railway Company, 20 C. C., 453, in which the court held that a receiver cam not appeal to the circuit court from a judgment of the common pleas sustaining exceptions to his final report. The reason given in the last mentioned case, however, is that the allowance or disallowance of fees to a receiver was not a final order, as that term is used in Section 5226 of the Revised Statutes, and that the correct remedy was by error and not by *671 appeal. But the statute under consideration (6407) gives his right of appeal to “any person against whom such order, decision or decree shall be made or who may be affected thereby.” It would be a perversion of construction to say that this language does not mean what it says, to-wit, that any person who is affected may so appeal, and this applies not only to the original parties to the proceedings, but to outsiders as well.
The real question, therefore, before this court is whether or not in order to so appeal the party so affected, or as provided in the statute authorizing appeals from common pleas court, the “person interested” may perfect such an appeal without first becoming a party to the cause himself. The statutes must be construed with reference to logical and orderly pleadings. It must be apparent that a receiver, a master commissioner, an attorney in a partition suit, a clerk of the court, or sheriff, are not parties to the action. If any of them be aggrieved by any order of the court that grievance at once becomes in such a ease as the one at bar, personal and not official. In other words, an appeal by a receiver as to any order affecting him in his official capacity and requiring him to do or not do something with reference to his trust and estate is one thing, and an appeal by a receiver in his individual capacity for a grievance to himself is quite another and different thing. An order allowing a receiver a sum of money as fees is not made to him in his official capacity, and has nothing whatever to do with his estate, nor does he so account for such money ás a part of his administration or estate. On the contrary, it is made to him in his individual capacity, as to which he individually is affected, and as to which if he desires to prosecute error or appeal, he should, in his individual capacity, make himself a party. The same should be true as to the master commissioner, clerk of court, a creditor of an estate, etc., who desire to have proceedings' reviewed. This is not only suggested by orderly and logical pleadings and system, but is in justice to the other parties to the cause; if such a person so appealing should fail in the upper court, and costs be adjudged against him, how would they be enforced or collected, if he were not *672 a party to the suit ? The court could not order them to be paid out of any moneys in his hands in his official capacity, because he was not in court, nor appealing in his official capacity. There would be no one against whom execution for costs might issue. In the giving of a bond, he himself does not necessarily, have to sign the same. Therefore, it might be a serious question as to whether or not he could be held to have become a party by his appeal.
E.- B. Kinkaid, for plaintiff.
L. G. Addison, for defendant.
The foregoing statement would apply more specially to the case of an attorney in a partition case or a receiver. In the ease at bar the master commissioner filed a motion in the probate court, asking for the allowance, which was overruled, and to which he excepted, and afterwards give an appeal bond. Assuming that this makes him a party to the cause in the proper manner, I have entertained this appeal, and overruled the motion to dismiss it on the grounds above stated.
And for the reason that his motion in this court for the allowance of fees and expenses is based upon the order of reference to him, which I find to be unauthorized and void, the same judgment will be here rendered as was rendered by the probate court. Exceptions noted.